IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRICK D. STERLING, SPIRIT AND SELF MINISTRIES, SYLVESTER BRADFORD, and YVONNE TIJERINO,

   Plaintiffs,

 v.

DEUTSCH BANK AMERICAS, MARILYN Y. RODRIQUEZ, SPRE, INC., GMAC MORTGAGE, CYPREXX CORPORATION, WOLF FIRM, KAYO MANSON-TOMKIN, ALAMEDA COUNTY SHERIFF, and ALAMEDA COUNTY COUNSEL,

   Defendants.
_____/

No. C 14-00827 CW

ORDER DENYING PLAINTIFFS' APPLICATION FOR TRO AND PRELIMINARY INJUNCTION

(Re: Docket Nos. 12, 15)

 Plaintiffs Darrick D. Sterling and Yvonne Tijerino move for a temporary restraining order (TRO) and preliminary injunction against Defendants Deutsche Bank Americas, et al. to "halt all state court unlawful detainer/claim of right possession hearings and proceedings scheduled for 03/13/2014 in Oakland Superior Court Dept. 31." Defendants Deutsche Bank Trust Company Americas (Deutsche Bank)[1] and The Wolf Firm oppose the motion. The Court DENIES Plaintiffs' motion.

 To obtain either a TRO or a preliminary injunction, the moving party must demonstrate "(1) a likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) that

---

[1] Deutsche Bank was erroneously sued as Deutsch Bank Americas.

the balance of hardships favors the applicant; and (4) whether any public interest favors granting an injunction." Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003); see also Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Alternatively, an injunction could issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation marks omitted). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

As a preliminary matter, the Court explicitly ordered Plaintiff to serve notice of the application for TRO as soon as practicably possible, but no later than March 10, 2014 at 12:00 PM. Docket No. 13. Plaintiff failed to do so, instead effecting delivery on March 12, 2014. Although Plaintiffs argue that they did not see the Court's order until the morning of March 12,

2

2014,[2] it is no excuse that Plaintiffs failed to monitor the Court's docket when they themselves asked for the Court to review the application for a TRO on short deadline.  This resulted in Defendants filing a response late on the night of March 12, 2014.

In any event, it is improper for a federal court to "grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  Younger v. Harris, 401 U.S. 37, 40 (1971) (quoting 28 U.S.C. § 2283).  Plaintiffs have not identified circumstances warranting such an exception.  In their motion for a TRO, they allege that their rights under the following statutes were violated: (1) Truth in Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA), (2) the Americans with Disabilities Act (ADA), (3) the Fourth Amendment, (4) 42 U.S.C. § 1983, (5) quiet title, and (6) fraud.  Docket No. 12 at 3.  With all proper inferences in favor of Plaintiffs, this could be understood as urging the Court to enjoin state court proceedings in order to preserve its jurisdiction to resolve the federal claims asserted by Plaintiffs.

---

[2] See Docket No. 15 (Plaintiffs' "motion that recently filed proof of service not be deemed untimely, as well as the service on defendants").  While the Court notes that Plaintiffs failed to meet the deadline for service set in the Court's March 7, 2014 order, and therefore DENIES Plaintiffs' motion, the Court does not base its decision denying the motion solely on Plaintiffs' failure to serve timely.

The only irreparable harm identified by Plaintiffs is the upcoming hearing and lockout on the property in question, 6600 Brann Street, Oakland, CA 94605.  Accordingly, the Court first addresses those claims that are directly related to the foreclosure.  Defendants draw the Court's attention to the fact that Bradford had a loan in the amount of $368,000.00 on the property in question.  RJN, Ex. 1.[3]  In February 19, 2009, notice of default was filed against Bradford, who appeared to be in default in the amount of $11,031.02.  RJN, Ex. 2.  On May 23, 2008, a Notice of Trustee's Sale was recorded, setting a sale date of June 18, 2008.  RJN, Ex. 3.  According to the Trustee's Deed Upon Sale, the trustee's sale occurred on August 1, 2008 and the property was conveyed by quitclaim deed to Deutsche Bank Trust Company Americas as Trustee.  RJN, Ex. 4; Docket No. 12 at 4.  Defendants attempted to execute a lockout on at least two occasions, if not many more.  Docket No. 12 at 5-6; see generally Manson-Tompkins Decl.  Plaintiffs have attempted to remove to

---

[3] Defendants filed a request for judicial notice which included deeds of trust and foreclosure documents.  Docket No. 18.  Plaintiffs have not filed an opposition.  The Court may take judicial notice of facts that are not disputed and are easily verified.  Botelho v. U.S. Bank, N.A., 692 F. Supp. 2d 1174, 1177 (N.D. Cal. 2010).  The Court therefore takes judicial notice of certain publicly-filed documents, but will not accept as true the facts described in the documents that are in dispute.

4

federal court the same state court unlawful detainer action regarding the same property at least four times.[4]

Plaintiffs claim that, after the foreclosure sale, Defendants wrongfully blocked off and segmented the property and prevented handicapped and disabled residents from accessing the property, causing them harm. Docket No. 12 at 4-5. Plaintiffs further allege that in June 2011, this matter was challenged in state court and Deutsche Bank was determined not to have "proper standing to ownership or to initiate any action," but Plaintiffs do not provide any case information or order so holding. Id. at 4.

Plaintiffs challenge the circumstances of the foreclosure under TILA and RESPA. TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." Yamamoto v. Bank of New York, 329 F.3d 1167, 1170 (9th Cir. 2003). "If the required disclosures are not made, the consumer may rescind." Id. Congress enacted the RESPA to control real estate settlement costs and ensure that consumers receive better

---

[4] See RJN, Ex. 7 (Judge Seeborg's August 9, 2013 order remanding the unlawful detainer action for lack of jurisdiction, noting it was "at least the fourth time" that Bradford had removed the unlawful detainer action to federal court, and further stating, "In the event Bradford does file a separate action in this Court asserting affirmative claims against Deutsche Bank, it will be randomly assigned to a judicial officer. Further attempts to remove the unlawful detainer will continue to subject Bradford to penalties for violating express court orders.").

information on the nature and costs of the settlement process so that they can be protected "from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." Bloom v. Martin, 865 F. Supp. 1377, 1381 (N.D. Cal. 1994) aff'd, 77 F.3d 318 (9th Cir. 1996). "To effectuate these objectives, RESPA requires advance disclosure of settlement costs, the elimination of kickbacks or referral fees, and a reduction of the amount that buyers are required to place in escrow accounts for taxes and insurance." Id.

Regarding their quiet title and fraud claims, Plaintiffs plead no facts supporting either of these claims.[5]

The facts alleged in support of the remaining causes of actions are that there was "lack of due process in attempting to foreclose (incorrect names, no proper service, agents for bank named personal recipient upon check for receipt of loan proceeds, title never being transferred out of owner's names post purported foreclosure)." Docket No. 12 at 6. These bare contentions are insufficient to demonstrate a likelihood of success on the merits

---

[5] Briosos v. Wells Fargo Bank, 2011 WL 1740100, at *4, *10 (N.D. Cal.) (fraud requires plaintiff to plead and prove facts showing: "(1) lack of knowledge; (2) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (3) how and when he did actually discover the fraud or mistake"; quiet title requires: "a legal description and common designation of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer that title is quieted in the plaintiff.").

6

under either statute. Plaintiffs have not identified the specific code sections that were purportedly violated, nor have they set forth specific facts or documents to support their blanket assertion that any of the defects ever occurred.

Because Plaintiffs have not demonstrated a likelihood that the foreclosure and corresponding sale were faulty, they cannot show a likelihood that they are entitled to occupy the premises at issue. Therefore, their allegations that the Wolf Firm, the sheriff, and others wrongfully prevented Plaintiffs from entering the premises must fail. Plaintiffs' additional allegations that the sheriff's department used excessive force, inflicted mental harm, and prevented disabled individuals from entering are vague and conclusory and do not demonstrate a likelihood of success of prevailing on their ADA, Fourth Amendment, and § 1983 claims.

Because Plaintiffs have not demonstrated a likelihood of success on the merits on any of their claims, and have not even addressed balancing of the equities or the impact of granting an injunction on the public interest, the Court DENIES Plaintiffs' application for TRO and preliminary injunction.

IT IS SO ORDERED.

Dated: 3/18/2014

CLAUDIA WILKEN
United States District Judge

7