```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| DARRICK D. STERLING, SPIRIT AND SELF MINISTRIES, SYLVESTER BRADFORD, and YVONNE TIJERINO,<br>    Plaintiffs,<br><br>    v.<br><br>DEUTSCH BANK AMERICAS, MARILYN Y. RODRIQUEZ, SPRE, INC., GMAC MORTGAGE, CYPREXX CORPORATION, WOLF FIRM, KAYO MANSON-TOMKIN, ALAMEDA COUNTY SHERIFF, and ALAMEDA COUNTY COUNSEL,<br><br>    Defendants.<br>_____/ | No. C 14-00827 CW<br>ORDER ON MOTION FOR THE REMOVAL OF STATE COURT ACTION (Docket No. 20) |

    On March 13, 2014, Plaintiffs Darrick D. Sterling and Sylvester Bradford filed a motion for removal of <u>Deutsche Bank Trust Company Americas v. Bradford et al.</u>, case number 11-594238, filed in Alameda superior court on September 8, 2011. Under 28 U.S.C. § 1446, a defendant in a state court civil action may remove the action to federal court within thirty days after the service of summons. However, Plaintiffs identify no authority that permits them to file a motion to combine an unrelated state court action, where at least one Plaintiff is a defendant, with this federal case, where Plaintiffs have asserted several affirmative claims under federal law. Plaintiffs' motion is procedurally improper and therefore must be denied. If a plaintiff wishes to remove a civil state court action to which he is a defendant, he must timely file a notice of removal according to the procedures of 28 U.S.C. § 1446, which would initiate a separate federal court action. Removal of a state court case

filed in 2011, however, is unlikely to be timely. See 28 U.S.C. § 1446.

In any event, Plaintiffs do not appear to have any legal basis for removing the above-referenced state court action. According to the documents filed by Plaintiffs, the state court action is an unlawful detainer action. Because the "federal question must appear on the face of the complaint," and unlawful detainer is a matter of state law, this Court is unlikely to have jurisdiction to hear the state court action. Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987); Bank of Am., N.A. v. Arriola, 2012 WL 1996954, *2-3 (N.D. Cal.). Additionally, Bradford has made at least five attempts to remove this state court action. Each time the case was remanded, and the latest attempt was made in direct contravention of the court's warning that any further attempt would be "legally frivolous" and might "expose Bradford to contempt of court penalties." See Deutsche Bank Trust Company Americas as Trustee v. Bradford, Case No. 13-3564 RS, Docket Nos. 1, 8. Accordingly, Plaintiffs are advised to cease their attempts to remove this state court action.

IT IS SO ORDERED.

Dated: 5/23/2014

CLAUDIA WILKEN
United States District Judge